# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Epson America, Inc., | ) | Civil Action No. 3:18-cv-03134-JMC |
| | ) | |
| Plaintiff, | ) | VERIFIED AMENDED COMPLAINT |
| | ) | FOR: |
| vs. | ) | |
| | ) | 1) False Advertising |
| Curtis International Ltd. and | ) | |
| Technicolor SA d/b/a Technicolor USA, | ) | 2) Violation of SCUTPA - S.C. Code |
| Inc. | ) | § 39-5-10, *et seq.* |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |
| | ) | |

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of Defendants Curtis International Ltd.'s ("Curtis") and Technicolor SA d/b/a Technicolor USA, Inc.'s ("RCA," and together with Curtis, "Defendants") misconduct and alleges as follows:

## NATURE OF THIS ACTION

1.      This is an action for false advertising arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* as well as unfair business practices under South Carolina law.  Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2.      This action arises under 15 U.S.C. § 1125(a).  This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as the primary claim arises under the Trademark Laws of the United States.

1

3. This Court also has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

4. Defendants are subject to personal jurisdiction in this forum under Fed. R. Civ. P. 4(k)(2) because they sell products within the United States, the state of South Carolina, and this District; because Defendants misrepresented the nature of products to residents of the United States, the state of South Carolina, and this District; because Defendants have caused injury to Epson in the United States, the state of South Carolina, and this District; because Defendants practice the unlawful conduct complained of herein, in part, within the United States, the state of South Carolina, and this District; because Defendants regularly conduct or solicit business within the United States, the state of South Carolina, and this District; because Defendants regularly and systematically direct electronic activity into the United States, the state of South Carolina, and this District with the manifest intent of engaging in business within the United States, the state of South Carolina, and this District, including the sale and/or offer for sale of products to Internet users within the United States, the state of South Carolina, and this District, and because, upon information and belief, Defendants have entered into contracts with residents of the United States, the state of South Carolina, and this District for the sale of items through various online retail platforms, and Defendants have registered federal trademarks with the United States Patent and Trademark Office.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## **PARTIES**

6. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Long Beach, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the

printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

7. Defendant Curtis International Ltd. is a Canadian corporation having its principal place of business in Ontario, Canada that does business or has done business and sold products to customers across the United States and within the state of South Carolina.

8. Defendant Technicolor SA is a French corporation having its principal place of business in France. It does business through the Technicolor USA, Inc. name and is registered to do business within the state of South Carolina. It owns and operates the RCA brand and does business or has done business and sold products within the United States and the state of South Carolina.

## FACTS GIVING RISE TO THIS ACTION

9. This action seeks redress for Defendants' deliberate and unlawful misleading representations regarding the brightness of their projectors. Defendants use false claims regarding the brightness of their projectors in their product descriptions and advertising.

### A.    Portable Consumer Projectors

10. While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

11. Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as DVD players or computers, and "project" those signals onto a screen.

12. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

3

13.     Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and brightness.

14.     Projector brightness is typically measured and described in lumens. The brighter the projector, the higher the lumen rating, and, all else being equal, the more it will likely cost.

15.     The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

16.     The American National Standards Institute developed and approved objective standards for measuring the lumen output of projectors, known as the "ANSI Standard." The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens. The ANSI Standard is widely used by projector manufacturers to standardize how lumen ratings are communicated to customers.

17.     Moreover, characteristics such as lamp life, 1080 compatibility, and picture projection size influence a consumer's purchasing decision.

**B.     Epson Projectors**

18.     Epson is recognized throughout the world and the United States as a leading projector manufacturer.

19.     As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

20. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available to ensure accurate product descriptions and specifications.

21. In addition, Epson's projector service and support is industry-leading. Epson offers its projectors with a two-year standard limited warranty, including Epson's Road Service, which provides a replacement projector with next day delivery and free shipping.

C. **Defendants' False Advertising of Their Projectors**

22. Defendants are direct competitors of Epson in the portable consumer projector market. Defendants sell and offer for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to, Amazon.com, ebay.com, and Walmart.com, as well as various brick and mortar retail stores.

23. Defendants sell their projectors under various brand names, including, but not limited to, "RCA" and "ONN." Upon information and belief, Curtis is also supplying projectors to other companies under different brand names.

24. Defendants' top selling projector is the Curtis/RCA RPJ116 projector. Defendants advertise this projector as having a "SUPER BRIGHT" 2000 lumen rating.

25. As follows is a picture of the Curtis/RCA RPJ116 projector packaging and Defendants' "SUPER BRIGHT" 2000 lumen rating advertisement:



26.     In addition to advertising the RPJ116 projector with a "SUPER BRIGHT" 2000 lumen rating, Defendants' product packaging for the RPJ116 projector includes various other false advertisements and/or misrepresentations, including, but not limited to, pictures of the RPJ116 performing in a bright, fully lit room:





27. In Walmart.com's and ebay.com's product feedback sections for the RPJ116 projector, consumers voiced concern regarding Defendants' claims that this is a 2000 lumen projector.

28. Many consumers wrote reviews calling Defendants' lumen claims and performance depictions wholly false and unsupported. For example, customer feedback for the RPJ116 projector on Walmart.com and ebay.com contains the following comments:

- "It says 2000 lumens, but I suspect the one I took home was barely 1000. Even in a dark room, it missed the mark. I thought it was a little too good to be true…"

-  "The ones that rated high are completely incorrect…. This product all together is horrible. Horrible picture quality, color, brightness!"

7

- "The packaging shows the projector being used in bright light, but you'd better have pitch dark to use this. I immediately returned it."

- "2000 lumen lol.  This thing is more like 200 lumen…"

- "…it is not bright enough for daytime use or in fully lighted room."

- "…not for bright rooms or even daylight for that matter."

- "1080 Compatible……. Means 800x400 actual pixels.  The "compatible" is referring to the built in USB reader."

29.     Epson hired an independent third party to test Defendants' claim that the RPJ116 projector had a 2000 lumen rating.

30.     Epson's testing revealed the actual brightness of Defendants' RPJ116 projector to be approximately 32 lumens, a measurement materially smaller than the 2000 lumens Defendants represent to consumers in their advertising and product descriptions.

31.     Defendants also sell a model of projector known as the RCA RPJ129 projector.

32.     As follows is a picture of the Curtis/RCA RPJ129 projector packaging:



33.     Defendants' RPJ129 projector is advertised as having a "SUPER BRIGHT" brightness of 3100 lumens.

8

34.     In addition to advertising the RPJ129 projector with a "SUPER BRIGHT" 3100 lumen rating, Defendants' product packaging for the RPJ129 projector includes various other false advertisements and/or misrepresentations, including, but not limited to, pictures of the RPJ129 performing in a bright, fully lit room:







35.     Epson hired an independent third party to test Defendants' claim that the RPJ129 projector had a 3100 lumen rating.

36.     Epson's testing revealed the actual brightness of Defendants' RPJ129 projector to be approximately 190 lumens, a measurement materially smaller than the 3100 lumens Defendants represent to consumers in their advertising and product descriptions.

37.     In late February of 2019, Epson learned that Defendants had introduced a new RCA / Curtis projector to the marketplace known as the RCA RPJ136 projector.

38.     As follows is a picture of the Curtis/RCA RPJ136 projector packaging:



10

39. Defendants' RPJ136 projector is advertised as having a "SUPER BRIGHT" brightness of 2200 lumens.

40. In addition to advertising the RPJ136 projector with a "SUPER BRIGHT" 3100 lumen rating, Defendants' product packaging for the RPJ136 projector includes various other false advertisements and/or misrepresentations, including, but not limited to, pictures of the RPJ129 performing in a bright, fully lit room.

41. Epson hired an independent third party to test Defendants' claim that the RPJ136 projector had a 2200 lumen rating.

42. Epson's testing revealed the actual brightness of Defendants' RPJ136 projector to be approximately 38 lumens, a measurement materially smaller than the 2200 lumens Defendants represent to consumers in their advertising and product descriptions.

43. According to this testing and the consumer feedback, Defendants are significantly misrepresenting the brightness of their projectors to consumers.

44. Based upon these test results, it is believed that every model of projector jointly sold by Defendants or individually sold by Curtis falsely advertises the projector's brightness. That is, projector models beyond the Defendants' RPJ116, RPJ129, and RPJ136 are also falsely advertised as to their brightness.

45. Similarly, based upon its testing, Epson believes that Defendants' claims regarding (1) lamp life, (2) 1080 compatibility and "native resolution" and (3) picture size are false and misleading for each of the projectors that Defendants jointly manufacture and sell under the RCA / Curtis name or that are individually sold by Curtis.

46. Moreover, Defendants advertise and market their projectors as "home theater" projectors.

11

47.     However, to perform as a "home theater" projector, a projector must have a minimum brightness of 1000 - 1500 lumens, even for the darkest rooms. As stated above, all of Defendants' projectors are well below this threshold and will not operate as "home theater" projectors as Defendants represent.

48.     As a result, purchasers of any of Defendants' projectors are likely to be, and have actually been, misled and deceived by Defendants' literally false product labeling, descriptions, and advertisements. Consumers expect the represented product specifications to be accurate for Defendants' projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendants' projectors receive projectors with drastically lower performance outputs.

49.     Defendants' literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson's reputation and goodwill and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendants' products over Epson's products.

50.     The natural, probable, and foreseeable result of Defendants' wrongful conduct has been to cause confusion, deception, and mistake in the portable consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

51.     By means of example, after having a poor experience with Defendants' 32 lumen RPJ116 projector believing it to be a "2000 lumen" projector, the consuming public is less likely to purchase a projector with a true 2000 lumen rating as consumers will unknowingly believe that Defendants' 32 lumen projector is representative of the performance of a 2000 lumen

projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

52. Similarly, by means of example, after having a poor experience with Defendants' 190 lumen RPJ129 projector believing it to be a "3100 lumen" projector, the consuming public is less likely to purchase a projector with a true 3100 lumen rating as consumers will unknowingly believe that Defendants' 190 lumen projector is representative of the performance of a 3100 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

53. Epson is informed and believes that Defendants' wrongful conduct has resulted in increased sales of the Defendants' projectors while hindering the sales of Epson's projectors and damaging Epson's goodwill. Epson has sustained and will continue to sustain irreparable damages as a result of Defendants' wrongful conduct, unless enjoined.

## COUNT I

### False Advertising - Lanham Act

54. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding their products. These advertisements contain actual misstatements and/or misleading statements, including the brightness outputs of their projectors as measured in lumens, lamp life, native resolution, compatibility, home theatre capability and picture size as well as false and/or misleading images of product performance - all attributes important to a consumer's purchasing

decision. The false advertisements are brought collectively as well as individually as to each feature..

56.  These literally false statements and product performance images actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

57.  Defendants' false and misleading advertisements injure both consumers and Epson.

58.  Defendants' false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

59.  Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements from the RPJ116 and RPJ129.

60.  Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendants the damages sustained by Epson as a result of Defendants' acts in violation of Section 43 of the Lanham Act.

61.  Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendants the gains, profits, and advantages that they have obtained as a result of their unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of their unlawful acts.

62. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of SCUTPA - S.C. Code § 39-5-10, *et seq.*

63. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. As demonstrated by the facts alleged herein, Defendants intend and have intended to deceive and defraud the public into believing that the brightness outputs and product performance for Defendants' projectors are exponentially higher than their actual outputs. This constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of S.C. Code Ann. § 39-5-10, et seq. (the South Carolina Unfair Trade Practices Act or "SCUTPA").

65. Defendants' misconduct affects the public interest and is capable of repetition.

66. Defendants' actions constitute willful and knowing violation of SCUTPA, and are undertaken with total disregard for the rights of Epson and the public interest.

67. As a direct result of Defendants' unfair trade practices, Epson has been injured and damaged, and is entitled to recover treble damages, costs, and attorneys' fees.

WHEREFORE, Epson prays for judgment against Defendants as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting Defendants, their distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Defendants to sell their products, from engaging in false or misleading advertising with

respect to their products including, but not limited to, the RPJ116, RPJ129, and RPJ136 projectors, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Defendants' products from online commerce sites, such as Amazon.com, ebay.com, and Walmart.com, as well as retail stores, until such a time as Defendants can substantiate their lumen claims and correct their false or misleading advertisements;

    B.    For an order requiring Defendants to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Defendants' projectors, including without limitation, the placement of corrective advertising and providing written notice to the public;

    C.    That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendants' projectors;

    D.    That Defendants be adjudged to have violated S.C. Code § 39-5-10, et seq. by engaging in false advertising;

    E.    That Epson be awarded damages it has sustained in consequence of Defendants' conduct;

    F.    That Epson be awarded Defendants' profits obtained by Defendants as a consequence of their conduct;

    G.    That such damages and profits be trebled and awarded to Epson as a result of Defendants' willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

    H.    That Epson recover its costs and reasonable attorneys' fees;

  I.  That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

  J.  That Epson be granted prejudgment and post judgment interest; and

  K.  That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Charleston, South Carolina
Dated: March 12, 2019

/s/ *Christopher A. Jaros*
Christopher A. Jaros (Federal ID# 12094)
E-Mail: Christopher.jaros@klgates.com
K&L Gates LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Telephone: 843.579.5600.
Facsimile: 843.579.5601

Jeffrey S. Patterson (Federal ID# 9414)
E-Mail: jeff.patterson@klgates.com
Morgan T. Nickerson (*to be admitted pro hac vice*)
E-Mail: morgan.nickerson@klgates.com
Jack S. Brodsky (*to be admitted pro hac vice*)
E-Mail: jack.brodsky@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: 617.261.3100
Facsimile: 617.261.3175

ATTORNEYS FOR PLAINTIFF EPSON AMERICA, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Epson America, Inc., | ) | Civil Action No. 3:18-cv-03134-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Curtis International Ltd. and | ) | VERIFICATION |
| Technicolor SA d/b/a Technicolor USA, | ) | |
| Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mike Isgrig deposes and says that: he is the Vice President, North America Consumer Sales and Marketing of Epson America, Inc.; he has read the foregoing Verified Amended Complaint; and he believes the facts and allegations of the Verified Amended Complaint to be accurate based on his own personal knowledge, the inquiry of other employees, or the review of documentation.

_____
Mike Isgrig
Vice President, N.A. Consumer Sales and Marketing
Epson America, Inc.